1  Steven L. Weinstein
   Attorney at Law
2  steveattorney@comcast.net
   P.O. Box 27414
3  Oakland, Ca 94602
   5101 Crockett Place
4  Oakland, Ca 94602
   Telephone: (510) 336-2181
5  Facsimile: (510) 336-2181
6  *Attorney for Plaintiff*
   *Additional Attorneys on Signature Page*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KENNETH HORSLEY**, individually and on behalf of all others similarly situated, | Case Number: |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| *v.* | **DEMAND FOR JURY TRIAL** |
| **TRIBE APP, INC.**, a Delaware corporation, | |
| *Defendant*. | |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Kenneth Horsley ("Horsley" or "Plaintiff Horsley") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Tribe App, Inc. ("Defendant" or "Tribe") to stop Defendant's practice of sending unsolicited text messages to cellular telephones without consent and to obtain redress, including injunctive relief, for all persons injured by their conduct. Plaintiff Horsley, for his Complaint, allege as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Defendant Tribe is a mobile application that allows up to eight people to video message each other simultaneously. In other words, Defendant is a mobile video-messaging application.

2. But unfortunately for consumers, Defendant casts its marketing net too wide. That is, in an attempt to promote its business, Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign that features the sending of unsolicited text messages to consumers' cellular telephones—without consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3. Worse yet, Defendant deceives its users into allowing Defendant to access their contact lists within their cellular telephone. Once Defendant has access to the list, it sends solicitation text messages to each contact on the list, inviting the recipient to sign up for and/or otherwise utilize Defendant's mobile application.

4. Defendant fails to notify its users that by permitting Defendant to access its users' contact lists, Defendant will send messages *en masse* to other people.

5. Accordingly, the consumer cannot dictate the context of the text messages, or when the text messages are sent. Only the Defendant has control over the content of the text message and when to send it.

6. The text messages sent *en masse* by Defendant to consumers in the users' contact lists are sent automatically without human intervention.

7. By sending the autodialed text messages at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation, annoyance, and nuisance and invasions of privacy that result from the receipt of such calls in addition to a loss of value realized for the monies consumers paid to their

wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellular telephones, including the related data, software, and hardware components. Defendant also caused substantial injury to their phones by causing wear and tear on their property, consuming battery life, and appropriating cellular data and minutes.

8. The TCPA was enacted to protect consumers from unsolicited text messages like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited text messaging activities to consumers as complained of herein and an award of statutory damages to the members of the Classes under the TCPA, together with costs and reasonable attorneys' fees.

9. Defendant sends text messages to consumer's cellular telephones in an attempt to solicit consumers to sign up for its mobile application.

10. Defendant sends solicitation text messages from telephone number 614-417-7187.

11. In sending these text messages, Defendant took no steps to acquire the oral or written prior express consent of Plaintiff or the Class Members who received the text messages.

12. Defendant made, or had sent on its behalf, the same (or substantially the same) text message *en masse* to thousands of cellular telephone numbers throughout the United States.

13. In sending the text messages at issue in this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendant (or its agent) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention. Defendant's ATDS includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

14. Defendant was and is aware that text messages were and are being made without the prior express written consent of the text message recipients.

**PARTIES**

15. Plaintiff Kenneth Horsley is a natural person and resident of Carollton, Georgia.

16. Defendant Tribe App, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 4072 20th St., San Francisco, California 94114.[1]

**JURISDICTION AND VENUE**

17. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because they conduct a significant amount of business in this District, solicit consumers in this District, made and continue to send unsolicited text messages from this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

18. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts a significant amount of business within this District and market to this District, and because the wrongful conduct giving rise to this case occurred in and/or was directed to this District. Venue is additionally proper because Defendant resides in this District.

**COMMON FACTUAL ALLEGATIONS**

19. Defendant is a mobile video-messaging application that allows consumers who have signed up for its services to video message several people simultaneously.

20. In order for a consumer to use Defendant's mobile application, it must be downloaded onto a consumer's cellular telephone.

---

[1] https://businesssearch.sos.ca.gov/CBS/Detail

CLASS ACTION COMPLAINT
-4-

21. In recent years, companies such as Defendant have turned to unsolicited telemarketing as a way to increase its customer base. Widespread telemarketing is a major method by which Defendant recruits new customers.

22. Text messages, like the ones sent in the instant action, are considered calls under the TCPA. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (July 3, 2003); *see also Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 954 (9th Cir. 2009) (noting that text messaging is a form of communication used primarily between telephones and is therefore consistent with the definition of a "call").

23. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

24. Yet in violation of this rule, Defendant fails to obtain any prior express written consent to send these autodialed text messages to cellular telephone numbers.

25. What is more, Defendant blasts consumers' address book contacts with "invite" text messages.[2]

26. As an illustrative example, on one occasion, Defendant sent a consumer nearly 50 unwanted text messages.[3] The purpose of Defendant's text messages was to solicit consumers to sign up for Defendant's mobile application and utilize its services.

---

[2] https://techcrunch.com/2016/12/07/sequoia-backed-video-chat-app-tribe-spammed-its-customers-address-books/
[3] https://twitter.com/andrewbleich/status/806275926451326976

CLASS ACTION COMPLAINT
-5-

27. Many other consumers took to social media to voice their frustrations with Defendant. The following statements were published via Twitter:[4]

- @HeyTribe Installed your app and you spammed my entire address book with invites without my permission. Not cool[5]

- I'd never even heard of @heytribe, let alone downloaded it, and I've received 32 notifications from them saying my friends invited me. NOPE.[6]

- @heytribe you ***** are spamming my contacts like crazy. Garbage lead gen. Terrible growth idea. And your UX is stressful and not intuitive.[7]

- STOP STOP STOP @HeyTribe[8]

- @HeyTribe It's really not ok to send an SMS to all the contacts on my phone without my consent… #whataboutprivacy #screwthis[9]

- Hey @HeyTribe, you immediately lose my trust by automatically inviting everyone in my contacts to your app. LAZY (inappropriate) marketing![10]

- @HeyTribe If I'm not interested at 2:29pm when "Alex and 9 others invite me to join," odds are I'm not at 4:21 p.m. either. Stop spamming me.[11]

28. At all times material to this Complaint Defendant was and is fully aware that unsolicited telemarketing text messages are being made to consumers' cellular telephones through its own efforts.[12]

29. In sending the text messages that form the basis of this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS") in violation of the TCPA. Specifically,

---

[4] Defendant's Twitter identification handle is @HeyTribe.

[5] https://techcrunch.com/2016/12/07/sequoia-backed-video-chat-app-tribe-spammed-its-customers-address-books/

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] On or around December 7, 2016, Defendant made a statement acknowledging the "issue" to a media outlet. *See* *https://techcrunch.com/2016/12/07/sequoia-backed-video-chat-app-tribe-spammed-its-customers-address-books/*

CLASS ACTION COMPLAINT
-6-

the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention.  Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).  Furthermore, the generic nature of the text messages indicate the use of an ATDS.

30.   Defendant knowingly made (and continues to make) unsolicited telemarketing text messages without the prior express written consent of the recipients.  In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF KENNETH HORSLEY**

31.   On January 17, 2017 at 4:59 p.m. Plaintiff received a text message from Defendant on his cellular telephone stating, "Your friends want you to join them on their Tribe live video call right now.  Don't miss out on the fun with everyone http://get.tribe.pm/pY1w/OZT6Ka060z !" (the "Text Message").  The Text Message was sent from telephone number 614-417-7187.

32.   A screenshot of the Text Message is reproduced below:



33. The hyperlink in the Text Message, http://get.tribe.pm/pY1w/OZT6Ka060z, pointed to https://tribe.pm/?_branch_match_id=386163881482475955, which was a website owned and/or controlled by Defendant.

34. If a user clicks on the link provided by Tribe, it directs them to download the tribe app.



*Figure 1: Screenshot of where the link sends the user to download Tribe App*

35. The Text Message was sent to Plaintiff without his prior express written consent as mandated by the TCPA.

36. Plaintiff does not have a relationship with Defendant, has never provided his telephone number to Defendant, and has never requested that Defendant send text messages to him or offer its services. Simply put, Plaintiff has never provided any form of prior express written consent to Defendant to send solicitation text messages to him and has no business relationship with Defendant.

37. Defendant at all times was and is aware that the above-described text messages were and are being made to consumers like Plaintiff who had not consented to receive them.

38. By placing unauthorized text messages to consumer's cellular telephones as alleged herein, Defendant has caused consumers actual, concrete harm and annoyance.

39. In order to redress these injuries, Plaintiff, on behalf of himself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones.

40. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized autodialed text messaging activities, declaratory relief establishing that Defendant's text messages violated the TCPA, and an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## CLASS ALLEGATIONS

41. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seek certification of the following Class:

> **Autodialed No Consent Class:** All persons in the United States from a date four years prior to the filing of the initial complaint in this case through the present who (1) Defendant (or a third person acting on behalf of the Defendant) sent text messages, (2) to the person's cellular telephone number, and (3) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send automated text messages to the Plaintiff.

42. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant has been fully and finally adjudicated and/or

released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

43. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent autodialed text messages to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

44. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class includes, but are not necessarily limited to the following:

   (a) whether Defendant's conduct constitutes a violation of the TCPA;

   (b) whether Defendant utilized an automatic telephone dialing system to send text messages to members of the Class;

   (c) whether members of the Class are entitled to statutory and treble damages based on the willfulness of Defendant's conduct; and

   (d) whether Defendant obtained prior express written consent to contact any class members.

45. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

46. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of

conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.  Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff the Autodialed No Consent Class)**

47. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

48. Defendant sent autodialed text messages to cellular telephone numbers belonging to Plaintiff and other members of the Autodialed No Consent Class without first obtaining prior express written consent to receive such autodialed text messages.

49. Defendant's text messages were made for the purpose of marketing its services as mobile video-messaging application.

50. At no time did Defendant obtain prior express written consent that disclosed to the texted party that the texted party consented to receive text messages with an automatic telephone dialing system or that providing such consent was not a condition (direct or indirect) of any purchase of any goods or services.

51. Defendant sent the text autodialed text messages using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers.

52. By sending the unsolicited text messages to Plaintiff and the cellular telephones of members of the Autodialed No Consent Class without their prior express written consent, and by utilizing an automatic telephone dialing system to make those calls, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii).

53. As a result of Defendants' violation of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

54. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Kenneth Horsley, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Classes as defined above, appointing Plaintiff Horsley as the representative of the Class, and appointing his counsel as Class Counsel;

2. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

3. An order declaring that Defendant's actions, as set out above, violate the TCPA;

4. A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

5. An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

6. An order requiring Defendant to identify any third-party involved in the autodialed calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

7. An injunction requiring Defendant to cease all unsolicited autodialed text messaging activities, and otherwise protecting the interests of the Class;

8. An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

9. An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until they establish and implement policies and procedures for ensuring the third-party's compliance with the TCPA;

10. An injunction prohibiting Defendant from conducting any future telemarketing activities until they have established an internal Do Not Call List as required by the TCPA;

11. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

12. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**KENNETH HORSLEY**, individually and on behalf of a Class of similarly situated individuals

Dated: May 3, 2017

s/Steven L. Weinstein
One of Plaintiff's attorneys

Steven L. Weinstein
steveattorney@comcast.net
P.O. Box 27414
Oakland, Ca 94602
5101 Crockett Place
Oakland, Ca 94602
Telephone: (510) 336-2181
Facsimile: (510) 336-2181

Blake J. Dugger*
blake@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
1011 W. Colter St., #236
Phoenix, Arizona 85013
Telephone: (602) 441-3704
Facsimile: (888) 498-8946

Attorneys for Plaintiff and the Class

*Pro Hac Vice to be sought